# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 00-21061
Summary Calendar
_____

S. J. WILBURN,

Plaintiff-Appellant,

versus

ALLEN HIGHTOWER; JASON CALHOUN;
WAYNE SCOTT, Director - Texas Department
of Criminal Justice; ALLEN POLUNSKY;
LARRY LARGENT, DR.; BROUSSARD, DR.;
DAVIDSON, DR.; JASON CALHOUN, DR.;
CUNNINGHAM, DR.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-4146
_____
April 30, 2001

Before POLITZ, DAVIS, and BENAVIDES, Circuit Judges

PER CURIAM:*

------------------

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

S. J. Wilburn, a Texas prisoner approximately 80 years old, appeals an adverse summary judgment dismissing his 42 U.S.C. § 1983 action.

Wilburn has contended that the defendants were deliberately indifferent to his serious medical needs by (a) failing to allow his use of a "Flo-Plus Machine" (or Huntleigh compression pump) to treat his peripheral vascular disease and by (b) failing to see that he receive surgery for completion of dental implants that had begun before he returned to prison in 1997. The medical records and other documents submitted with the defendants' motion for summary judgment reflect that Wilburn was frequently treated by the prison's medical and dental staffs for the conditions about which he complains. Although it does not appear that Wilburn received what might be denominated the best treatment, the evidentiary materials in the record adequately establish that there is no genuine issue of material fact as to whether the defendants' treatment of Wilburn amounted to "unnecessary and wanton infliction of pain repugnant to the conscience of mankind."[1] That is the essential legal issue.

The judgment appealed is AFFIRMED.

---

[1] Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999)(citation omitted); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); FED. R. CIV. P. 56(c), (e).